Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005778
30-JAN-2015
07:58 AM

NO. CAAP-13-0005778

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ANTHONY RICHARDSON, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-1004)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

Defendant-Appellant Anthony Richardson (Richardson) appeals from the Judgment of Conviction and Sentence filed on October 30, 2013 in the Circuit Court of the First Circuit (circuit court).[1] A jury convicted Richardson of one count of Burglary in the First Degree in violation of Hawaii Revised Statutes (HRS) § 708-810(1)(c) (2014).[2] The charge stemmed from an incident in which Richardson entered a house through an open

---

[1] The Honorable Glenn J. Kim presided.

[2] HRS § 708-810 provides in pertinent part:

> §708-810 **Burglary in the first degree.** (1) A person commits the offense of burglary in the first degree if the person intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and:
> . . . .
> (c) The person recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling.
> . . . .
> (3) Burglary in the first degree is a class B felony.

window and disabled the alarm system while the residents of the house were away on vacation.

The circuit court denied Richardson's motions for judgment of acquittal and sentenced him to ten years of imprisonment.

On appeal, Richardson argues that the circuit court erred by: (1) denying his motions for judgment of acquittal based upon HRS § 708-812.5 (2014) because the statute is unconstitutionally vague when read in conjunction with the burglary statute; and (2) denying his motions for judgment of acquittal by finding that State v. Hanohano, No. 30246, 2010 WL 5146282, 130 Hawai'i 346, 310 P.3d 1047 (App. Dec. 20, 2010) (mem.) did not apply to the instant case.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Richardson's points of error as follows and affirm.

**(1)** Richardson argues that HRS § 708-812.5, which the legislature enacted in 2006 as part of a comprehensive revision of the Hawai'i Penal Code, should be invalidated. The statute reads: "A person engages in conduct 'with intent to commit therein a crime against a person or against property rights' if the person formed the intent to commit within the building a crime against a person or property rights before, during, or after unlawful entry into the building." (Emphasis added.)

Claims that a criminal statute is unconstitutionally vague are subject to the following standard:

> Due process of law requires that a penal statute state with reasonable clarity the act it proscribes and provide fixed standards for adjudging guilt, or the statute is void for vagueness. Statutes must give the person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited so that he or she may choose between lawful and unlawful conduct.

State v. Kapela, 82 Hawai'i 381, 392, 922 P.2d 994, 1005 (App. 1996) (citation and block quote format omitted). In our view, HRS § 708-812.5, in conjunction with HRS § 708-810(1)(c),

provides reasonable clarity as to what is proscribed and is not vague.

Despite Richardson's contention that HRS § 708-812.5 is inconsistent with the Model Penal Code (MPC) and general principles of penal liability, he cites no case law in support of the proposition that failure to adhere to the MPC's burglary provisions somehow invalidates a criminal statute. Indeed, the State cites to several cases from outside jurisdictions which demonstrate that other states have similarly adopted burglary statutes departing from the MPC and providing that the formation of intent does not have to be concurrent with the unlawful entrance. See Gratton v. State, 456 So.2d 865, 872 (Ala. Crim. App. 1984) (holding that adoption of a new criminal code changed the definition of burglary so that "the intent to commit a crime may be concurrent with the unlawful entry or it may be formed after the entry and while the accused remains unlawfully"); People v. Larkins, 109 P.3d 1003, 1004-05 (Colo. App. 2004) (concluding that the defendant's reliance on earlier case law was misplaced because the burglary statute had been amended to remove "the requirement that intent to commit a crime exist at the time of entry").

In sum, Richardson fails to establish the statute's unconstitutionality beyond a reasonable doubt.[3] See State v. Bates, 84 Hawai'i 211, 220, 933 P.2d 48, 57 (1997) ("Mere difficulty in ascertaining [a statute's] meaning, or the fact that it is susceptible to interpretation will not render it nugatory[.]" (citations and block quote format omitted)).

**(2)** We reject Richardson's argument that the circuit court was required to follow State v. Hanohano, an unpublished memorandum opinion,[4] and State v. Mahoe, 89 Hawai'i 284, 972 P.2d

---

[3] Although Richardson mentions that the statute is also overbroad in his Points of Error, he does not present any argument on this issue. Therefore, pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(7), this argument is waived.

[4] Pursuant to HRAP Rule 35(c)(2), an unpublished memorandum opinion issued on or after July 1, 2008 is not precedent, but may be cited for persuasive value.

287 (1998), by extension, for the proposition that intent must be established at the time the unlawful entry was made.

First, Mahoe was decided before HRS § 780-812.5 was enacted. Because Richardson was charged for an offense committed in July 2011, his reliance on Mahoe is misplaced. Second, in Hanohano, the court based its decision on the "remains unlawfully" portion of the burglary statute because the defendant's entrance into his mother's home was otherwise lawful. Hanohano, 2010 WL 5146282, at *5. Thus, Hanohano did not need to address HRS § 708-812.5. Pursuant to the language of HRS § 708-812.5, it applies to situations of "unlawful entry into a building," not where a person remains unlawfully. Therefore, Hanohano is inapposite.

In sum, we reject Richardson's arguments that the circuit court relied on the wrong law in denying his motions for acquittal. The fact that the residents of the home never gave Richardson permission to enter the home, together with the evidence that Richardson entered through an open window, disabled the alarm system by ripping wires out of the wall, opened dresser drawers in several bedrooms, and consumed juice from the refrigerator supported the jury's conclusion that, at a minimum, Richardson intended to commit a crime while in the house.

THEREFORE, IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence filed on October 30, 2013 in the Circuit Court of the First Circuit is hereby affirmed.

DATED: Honolulu, Hawai'i, January 30, 2015.

On the briefs:

Randall K. Hironaka
(Miyoshi & Hironaka)
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

4